UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AGNES ELLIS | CIVIL ACTION |
| VERSUS | NO: 23-03639 |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY and ALLSTATE INDEMNITY COMPANY, erroneously named Allstate Vehicle and Property Insurance Company | SECTION: T (2) |

## ORDER and REASONS

Before the Court is a Motion for Summary Judgment filed by Defendant Allstate Indemnity Company. R. Doc. 17. Plaintiff Agnes Ellis has not filed any opposition in response. Accordingly, for the reasons set forth below, the Court will grant Defendant's Motion for Summary Judgment.

Essentially, Plaintiff alleges in her petition that she suffered damages to her home in New Orleans during Hurricane Ida in August of 2021. R. Doc. 1. She filed a claim under an insurance policy issued by Defendant. *Id.* Unsatisfied with Defendant's handling of her claim, Plaintiff filed suit against Defendant asserting various theories of liability. *Id.* In response to the suit, Defendant concedes that it issued a homeowner's insurance policy for Plaintiff's home, but it asserts the policy contains a Windstorm and Hail Exclusion and, thus, Plaintiff's wind-related damages are not covered by the policy. R. Doc. 17-1. Defendant has moved for summary judgment on the basis that the policy excludes all damages caused by wind or hail and that Plaintiff's damages were

1

solely caused by wind or wind-driven rain.

Summary judgment of a claim is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). A court must hold "a factual dispute to be 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party and a fact to be 'material' if it might affect the outcome of the suit under the governing substantive law." *Voelkel McWilliams Const., LLC v. 84 Lumber Co.*, 2015 WL 1184148, at *5 (E.D. La. Mar. 13, 2015) (quoting *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989)). When assessing whether a genuine dispute as to any material fact exists, courts "consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). Accordingly, at the summary judgment stage, courts must view the facts in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *See, e.g.*, *Darden v. City of Fort Worth, Texas*, 880 F.3d 722, 727 (5th Cir. 2018) (quoting *City & Cnty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 603 (2015); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

This case turns on the interpretation of an insurance policy. Under Louisiana law, an "insurance policy is a contract between the parties and should be construed by using the general

rules of interpretation of contracts set forth in the Louisiana Civil Code." *Cadwallader v. Allstate Ins. Co., 848 So. 2d 577, 580 (La. 2003).* The insured party bears the burden "to prove the incident falls within the policy's terms." *Doerr v. Mobil Oil Corp., 774 So. 2d 119, 124 (La. 2000).*

Here, the subject policy clearly and plainly provides for an exclusion of damages caused by wind or hail. R. Doc. 17-1. Plaintiff has not otherwise responded in any way to support her claim of coverage under the policy. She has not brought forward any evidence to refute Defendant's assertion that the policy exclusion applies to her damages. Therefore, the Court finds merit in Defendant's Motion for Summary Judgment.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (R. Doc. 17) is GRANTED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 19th day of September 2024.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE